# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID ESSLIN,

Plaintiff-Appellee,

v

MICHIGAN HORSE PULLING ASSOCIATION,
INC., and BENSON REID,

Defendants-Appellants.

UNPUBLISHED
March 21, 2017

No. 330406
Clare Circuit Court
LC No. 14-900106-CZ

Before: KRAUSE, P.J., and O'CONNELL and METER, JJ.

PER CURIAM.

Defendants appeal as of right the trial court's order compelling them to reinstate plaintiff's membership into defendant Michigan Horse Pulling Association, Inc. ("the Association"). We affirm.

Defendant Benson Reid[1] is the president of the Association. Plaintiff was a member of the Association until drug testing conducted on two of plaintiff's horses that had competed in a horse-pulling event organized by the Association revealed positive results for dexamethasone and polyethylene glycol, a masking agent. Plaintiff was assessed a total of $1,970 in fines and fees and barred from participating in events organized by the Association. He was to serve a 30-day suspension after his fines and fees were paid in full.

Plaintiff subsequently filed suit, seeking damages for libel and asking the court to revoke the Association's decisions imposing fines and costs and suspending him. The parties reached a settlement and prepared a release, which was signed by plaintiff, in which he agreed to release and discharge all claims against defendants in exchange for a payment of $7,500 to him by defendants. The release further provided:

---

[1] The surname of this individual is spelled in different ways in different parts of the lower-court record. Because the final order uses the spelling "Reid," we employ the spelling "Reid" in this opinion.

-1-

**IT IS UNDERSTOOD AND AGREED** that this settlement is a compromise of a disputed claim, and that the payment herein made is not to be construed as an admission of liability on the part of the parties hereby released, and that said Releasees deny liability therefore and intend merely to avoid further litigation and buy their peace.

**THE UNDERSIGNED FURTHER DECLARES AND REPRESENTS** that no promise, inducement or agreement not herein expressed has been made to the undersigned by the aforesaid Releasees concerning the alleged incidents/lawsuit referenced above, and that this Release contains the entire agreement between the undersigned and the aforesaid Releases and that the terms of this agreement are contractual and not a mere recital.

After plaintiff had paid his outstanding fines and fees and served his 30-day suspension, he applied for membership in the Association but was denied. Defendants informed plaintiff that they would not accept him into membership because his lawsuit had made it difficult for the Association to obtain liability insurance "at a reasonable market rate." Plaintiff then brought a motion to rescind or enforce the settlement agreement, claiming that defendants agreed as part of the settlement to reinstate his full membership with the Association after he paid his fines and fees, served his suspension, and tendered his membership dues. Defendants countered that the release did not include a provision stating that plaintiff would automatically be reinstated.

At the motion hearing, Reid testified that pursuant to Article 4.02 of the constitution and bylaws of the Association, the board voted not to reinstate plaintiff. Article 4.02 provides: "Any member may be expelled by the board of directors for cause and after hearing and notice to said member. Member may only be reinstated by action of said board." During a colloquy between the court and Reid, Reid admitted that the provision "doesn't even apply to this situation" because plaintiff had not been expelled from the Association. The court asked Reid if, "[i]n the normal course of events, anyone who had not been expelled, could simply apply, pay their money and be admitted as a member" without a vote, and he replied in the affirmative.

The trial court stated that it would normally not be involved in disputes surrounding membership in private organizations but that it had to become involved in the present case "because a lawsuit was filed and the parties to that lawsuit entered into a stipulated agreement as to how to settle it. And . . . the parties have conferred authority on [the] [c]ourt to deal with this situation . . . ." The court ruled that the settlement agreement did not state that plaintiff was giving up rights under the bylaws of the Association and that, under the bylaws, his membership had to be accepted. The court ordered that plaintiff be immediately admitted into full membership with the Association upon the payment of his membership fee.

Defendants argue that the trial court erred by granting plaintiff's motion and ordering his reinstatement into the Association.

We review de novo a court's action taken on a request for equitable relief, *Kaftan v Kaftan*, 300 Mich App 661, 665; 834 NW2d 657 (2013), as well as issues pertaining to contract interpretation, *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005).

We first clarify what plaintiff specifically sought by way of his lawsuit. First, he sought damages for libel; this claim has no bearing on the issue before us today and will not be discussed further in this opinion. Second, he sought the revocation of the Association's decisions of August 11, 2012, and October 23, 2012. The August 11 decision made note of drug test results, assessed fines and fees, and stated that plaintiff would be "barred from pulling with our association, until the fines and penalties are paid. Following the payment of all fines and penalties, you will be suspended for 30 days." The October 23 decision assessed an additional fee for additional laboratory testing.

Next, we note the specific wording of the settlement agreement. It stated that plaintiff released defendants "from any and all claims, demands, damages, actions, causes of action, costs, loss of services, expenses and compensation, or suits for money damages or equitable relief of any kind, either past, present or future, in connection with the matters alleged in the lawsuit . . . bearing Clare County Court Docket Number 14-900106-CZ." It stated that the released contained "the entire agreement" the parties.

The complaint and the release, read together, make clear that plaintiff was to receive $7,500 as the sole relief stemming from his lawsuit and was to drop his claims. As such, the August 11, 2012, decision by the Association and the October 23, 2012, decision remained in place.[2] Defendants argue on appeal that the release contained no language pertaining to automatic reinstatement, that "the express terms . . . leave[] no room for any exceptions," and that, therefore, plaintiff's fulfillment of the suspension and payment of the fines were irrelevant and the trial court's decision was erroneous. However, we note that plaintiff, in his complaint, asked for the complete revocation of the August 11 and October 23 decisions; he did not ask for a reinstatement *after complying with the terms of the letters*. Accordingly, the settlement and release did not directly address the issue at hand. One could potentially argue that plaintiff's desire to be a member of the Association once again is a "demand[] . . . in connection with the matters alleged in the lawsuit," as stated in the release. However, defendants clearly and unambiguously *admitted* below, in their "response to plaintiff's motion to enforce settlement," that "[t]he by-laws govern the issue of whether Plaintiff can be reinstated." A party may not assert a position below and later seek redress on appeal based on a contrary position. *Kloian v Domino's Pizza LLC*, 273 Mich App 449, 455 n 1; 733 NW2d 766 (2006). Therefore, the bylaws govern plaintiff's membership. The trial court correctly noted that, under Article 4 of the bylaws, "[a]ny person paying the sum of thirty dollars . . . to the association and complying with the constitution and bylaws of the association shall have membership voting privileges." A member may be expelled "for cause and after hearing and notice to said member," but, as noted by the trial court, these procedures were not followed and plaintiff was never, in fact, expelled. A suspension does not equal an expulsion. We simply cannot find any error in the trial court's analysis and conclusion.

---

[2] We note that plaintiff went forward and paid the assessed fines and fees of $1,970.

We note that plaintiff cites the following email sent by defendants' counsel to plaintiff's counsel approximately three weeks before plaintiff signed the release:

> I think we're all set, but please confirm the following:
>
> [Plaintiff] to dismiss all claims—so the Association suspension stands.
>
> *[Plaintiff] can then proceed per the by-laws and rules if he wants to come back—pay the fines, sit out the required period, et. [sic]. The by-laws will govern.*
>
> West Bend Insurance Company to pay [plaintiff] $7,500.00[.]
>
> If this is acceptable, just simply reply "agree" or "confirm[.]" I'll also need instructions on how you'd like the settlement draft payable. If your firm is a co-payee, I'll need your Tax ID number. [Emphasis added.]

Plaintiff contends that the highlighted passage constituted the foundation of the parties' agreement. However, the release contained an integration clause, which nullifies all prior and contemporaneous agreements, understandings, representations, and warranties, and "renders reliance on the representation[s] unreasonable as a matter of law." *Hamade v Sunoco, Inc (R & M)*, 271 Mich App 145, 171; 721 NW2d 233 (2006). At any rate, even if we were to take this email into account, it would not change our analysis, because the email simply noted that the bylaws would govern. The trial court merely applied the bylaws.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Peter D. O'Connell
/s/ Patrick M. Meter